## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Behzad Sheikhpour,

   Plaintiff,

v.

Highland Bank Corp.; Rick Wall;
Joy Morris; and Michael Anderson,

   Defendants.

**Civil File No.: 10-cv-4223 MJD/SER**

**<u>REPORT AND RECOMMENDATION</u>**

---

Behzad Sheikhpour, *pro se*, 1411 160th Street Northwest, Shakopee, Minnesota, 55379.

Garth G. Gavenda & T. Christopher Stewart, Anastasi & Associates, P.A., 1485 North 60th Street, Stillwater, Minnesota, 55082, on behalf of Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

  The above-entitled matter is before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss [Doc. No. 3].  The Honorable Michael J. Davis referred this Motion for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1) (B) and District of Minnesota Local Rule 72.1 [Doc. No. 13].  For the reasons set forth below, the Court recommends that Defendants' Motion to Dismiss be granted.

### I.  FACTUAL AND PROCEDURAL HISTORY

  This litigation concerns a dispute over disclosures related to a promissory note to purchase real property.  Plaintiff Behzad Sheikhpour ("Sheikhpour") is representing himself *pro se* in this action against Defendants Highland Bank Corp., Rick Wall, Joy Morris, and Michael Anderson (collectively "Highland").

  On October 24, 2007, Sheikhpour's spouse, Daphne J. Schmitz ("Schmitz") executed and

1

delivered a $740,000 promissory note to Highland.  (Defs.' Mem. at 2, ¶ 3) [Doc. No. 5];

(Gavenda Decl. Ex. A) [Doc. No. 9, at 3-8].  On that same date, Sheikhpour and Schmitz also

executed a mortgage on property located at 3175 Boulder Ridge Road, Webster, Minnesota

55088 (the "Property").  *Id*. at 2, ¶ 2-4; (Gavenda Decl. Ex. B) [Doc. No. 9, at 9-15].  The

mortgage was recorded in Scott County on October 29, 2007.  (Defs.' Mem. at 2, ¶ 4).

Schmitz subsequently defaulted.   On February 19, 2009, Highland sent Schmitz a notice of

demand and a default letter.  *Id*. at 2, ¶ 5-6.  After Schmitz failed to cure the default, Highland

commenced a foreclosure action in Scott County pursuant to Minn. Stat. §§ 581.01-12 (2009).

*Highland Bank Corp. v. Schmitz*, 70-cv-7779 (Minn. Dist. Ct. Nov. 9, 2009).  The Scott County

District Court entered judgment for Highland on November 9, 2009, which, in turn, granted

Highland the right to foreclose on the mortgage.  *Id*. at 3, ¶ 9.  On February 25, 2010, Highland

purchased the Property for $500,000.  *Id*. at 3, ¶ 11.  The Scott County District Court entered an

order confirming the foreclosure sale and awarding deficiency judgment on March 18, 2010.  *Id*.

The certificate of sale was recorded on March 24, 2010.  *Id*. at 3, ¶ 12-13.

Neither Schmitz nor Sheikhpour exercised their right statutory right of redemption under

Minn. Stat. § 580.23, subd. 1 that expired on September 18, 2010.  *Id*. at 3-4, ¶ 14.  Highland

became the fee owner of the Property and filed an eviction action in Scott County District Court

on September 30, 2010.  *Id*. at 4, ¶ 17.  The Scott County District Court granted Highland's

eviction action and issued a writ of recovery requiring Schmitz and Sheikhpour to vacate the

Property by noon on October 25, 2010.  *Id*.

On October 13, 2010, Sheikhpour commenced this action against Highland.  Sheikhpour's

Complaint makes two claims against Highland: 1) violation of the Truth in Lending Act, 15

U.S.C.A. § 1602(f) et seq. ("TILA") and 2) fraud.  (Compl. at 2-3) [Doc. No. 1].  Highland filed

the instant Motion to Dismiss on November 08, 2010.  Sheikhpour filed an application for entry

of default judgment on November 18, 2010, which was denied on November 23, 2010 [Doc.

Nos. 8-10].

The Webster, Minnesota address Sheikhpour registered on ECF does not appear to be

associated with Sheikhpour because several notices were returned as undeliverable [Doc. Nos.

15, 20].  On October 25, 2010, Sheikhpour was evicted from this Webster, Minnesota address,

which was encumbered by the October 24, 2007 promissory note and mortgage.  (Defs.' Mem. at

4).  He has not provided the Court or Highland with an updated address.

Sheikhpour failed to appear for oral argument on Highland's Motion to Dismiss on March

16, 2011 [Doc. No. 16].  In order to ensure that Sheikhpour received notice of the hearing, the

Court scheduled a second hearing date [Doc. No. 18].  The Court also ordered Highland to re-

serve the amended hearing notice to Sheikhpour at all potential addresses including the Webster,

Golden Valley, and Shakopee addresses provided in Sheikhpour's Affidavit in Support of

Default Judgment and the Affidavit of Garth G. Gavenda [Doc. Nos. 6, 9 and 21].

In a letter dated April 14, 2011, Defendants stated that they served Sheikhpour with six

documents via U.S. Mail on March 21, 2011, including the Second Amended Notice of Hearing

on Defendants' Motion to Dismiss scheduled for April 18, 2011 [Doc. No. 22].  Highland did not

receive any indication that the notice mailed to the Shakopee address was undeliverable, nor has

Highland received any communication from Sheikhpour since October 2010.  *Id.*

On April 18, 2011, Sheikhpour once again failed to appear at oral argument on Highland's

Motion to Dismiss [Doc. No. 23].  Since November 18, 2010, the ECF docket does not reflect

that Sheikhpour has filed any documents in this case [Doc. Nos. 8, 9].  Nor did Sheikhpour

submit any opposition to Highland's Motion to Dismiss.

## II.     DISCUSSION

### A.  Defendants' Motion to Dismiss

#### a.  Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard of Review

A complaint challenged on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) need not contain detailed factual allegations, yet a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Complaints must be plausible as opposed to merely conceivable. *Twombly*, 550 U.S. at 556 (requiring that claim in complaint "raise a right to relief above the speculative level."). *Pro se* pleadings must be read liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Mayard v. Siegfried*, No. 08-5853, 2011 WL 579334, at *6-7 (D. Minn. Feb. 8, 2011) (evaluating the merits of *pro se* plaintiff's claims despite the deficiency of the pleadings).

On a motion to dismiss, courts will assume facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 555-56. "Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (internal citation omitted). A plaintiff cannot, however, survive a Rule 12(b)(6) motion to dismiss by relying on general and conclusory allegations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). In deciding a motion to dismiss under Rule 12(b)(6), a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### b.  Abandonment

Fed. R. Civ. P. 41(b) provides that a plaintiff is subject to involuntary dismissal "if the plaintiff fails to prosecute" its claim or does not comply with the Court's orders and rules.  *See Thayse v. Fermoyle*, No. 08-892, 2008 WL 4117321 (D. Minn. Aug. 29, 2008).  "A party's failure to raise or discuss an issue in his brief is to be deemed abandonment of that issue." *Hacker v. Barnhart,* 459 F.3d 934, 937 n.2 (8th Cir. 2006) (internal citation omitted). Sheikhpour failed to file a memorandum in opposition to Highland's Motion to Dismiss, which implies abandonment.  He also failed to appear at oral argument on March 16, 2011 and April 18, 2011.

Based on Highland's efforts to give Sheikhpour notice and the fact that documents mailed to Sheikhpour's Shakopee address were not returned as undeliverable, the Court presumes that Sheikhpour received notice.  The Court has no choice but to conclude that Sheikhpour has abandoned the case.  *See Hacker v. Barnhart,* 459 F.3d at 937 n.2.  Nevertheless, for completeness, the Court will evaluate Highland's Motion to Dismiss on the merits.  *See Maselter v. Astrue*, 2008 WL 4527828 (D. Minn. Sept. 29, 2008); *see also Estelle*, 429 U.S. at 106; *Mayard*, 2011 WL 579334, at *6-7.

### c.  Truth in Lending Act Claim

Sheikhpour alleges that Highland violated TILA by assessing a finance charge "well outside the accepted tolerances" and in excess of the good faith estimate.  (Compl. at 2).  As basis for this claim, Sheikhpour asserts that "Plaintiff entered into a mortgage agreement with Defendant Highland Bank on October 24, 2007." *Id.*

TILA "compels" a creditor to disclose specific information in a "'consumer credit transaction.'" *Kinzel v. Southview Chevrolet Co.*, 892 F. Supp. 1211, 1215 (D. Minn. 1995)

(citing 15 U.S.C. § 1638; 12 C.F.R. § 226.18); *Grady v. World Tae Kwon Do Acad.*, No. 4:06CV58, 2006 WL 1109404, at *2 (E.D. Mo. Apr. 24, 2006).  Under TILA, a "consumer" is defined as "the party to whom the credit is offered or extended." 15 U.S.C. § 1602 (j).  TILA affords a consumer a private cause of action against, "any creditor who fails to comply with any requirement imposed under this part. . . ." 15 U.S.C. § 1640(a).  *Walker v. Wallace Auto Sales*, 155 F.3d 927, 934 (7th Cir. 1998).  "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this title [15 U.S.C.S. § 1601 et seq.]." 15 U.S.C. § 1641(a).

As Highland emphasizes, though Sheikhpour was a "mortgagor," he was not "financially bound" to Highland because he was not a party to the note.  (Defs.' Mem. at 10).  Therefore, Highland is not Sheikhpour's "creditor" under the TILA.  Rather, Schmitz has a debtor-creditor relationship with Highland by virtue of the October 24, 2007 promissory note she executed. (Gavenda Decl. Ex. A).  TILA thus applies only to Schmitz.  *Id.*

Significantly, Schmitz is not a party to this case.  Even though Highland's mortgage encumbered Sheikhpour's interest in the Property as a result of the October 24, 2007 mortgage, this relationship is not sufficient to give Sheikhpour standing under the TILA.  *See* 15 U.S.C. § 1602(j).  Accordingly, Sheikhpour's TILA claims against Highland and its officers are futile and should be dismissed with prejudice.  *See* Fed. R. Civ. P 12 (b) (6); *Estelle*, 429 U.S. at 106.

### d.  Fraud Claim

Sheikhpour's Complaint also alleges fraud.  (Compl. at 3).  Fraud claims must be plead with heightened specificity under Rule 9(b).  Fed. R. Civ. P. 9(b) states that "[i]n all averments

of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." This means that a claimant must allege the "who, what, where, why, and how" of fraudulent conduct. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997). Conclusory statements that a defendant engaged in fraud or deceptive conduct "are not sufficient to satisfy Rule 9(b)." *Comm. Prop. Invs., Inc v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). To state a common law fraud claim under Minnesota law, a plaintiff must prove the following elements: (1) there was a false representation by a party of a past or existing material fact; (2) that was made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of his or her reliance. *See Specialized Tours, Inc. v. Hagen*, 392 N.W. 2d 520, 532 (Minn. 1986).

Sheikhpour's fraud claim does not satisfy Rule 9(b)'s requirements that the who, what, where, why, and how, of the alleged conduct be asserted. *See Masterson Personnel, Inc. v. The McClatchy Co.*, No. 05-1274, 2005 WL 3132349, at *3-5 (D. Minn. Nov. 22, 2005). First, Sheikhpour fails to provide specific dates of Highland's alleged statements and does not identify the written or oral communications upon which his claim is based. Sheikhpour's assertions regarding the Highland employees who allegedly engaged in the fraud are too indefinite and imprecise to satisfy Rule 9(b). Second, Sheikhpour does not assert that Highland intentionally made misleading or false statements to him in conjunction with the October 24, 2007 transaction. *See Semanko v. Minn. Mut. Life Ins. Co.*, 168 F. Supp. 2d 997, 1000 (D. Minn. 2000). Rather, he makes vague reference to a "forged signature on the loan application," "fraud relating to mortgage documents," and "deceptive and misleading practices" by Highland employee Joy

Morris.  (Compl. at 2-3).  Sheikhpour does not describe the nature or content of any alleged fraudulent statements, nor does he identify the documents that allegedly were forged.  In the absence of any further explanation or argument from Sheikhpour, the Court reasonably concludes that allowing Sheikhpour to re-plead his fraud claim would be futile given the Complaint's thin, unsupported allegations.  Accordingly, this Court recommends that Sheikhpour's fraud claim be dismissed with prejudice under Rule 9(b).

### III.     RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [Doc. No. 3] be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to update his mailing address and contact information in ECF within **5 days** of the date upon which Chief Judge Davis adopts this Report and Recommendation.

Dated: May 4, 2011

s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 18, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.